COFFIN et al. v. PARKER et al.

(Supreme Court, General Term, Second Department. June 25, 1888.)

MORTGAGES—ACTION TO ASCERTAIN AMOUNT OF LIEN—DECREE.

In an action by a purchaser of one of several lots, incumbered by a blanket mortgage, to ascertain the amount of the debt properly chargeable on his lot, and release the mortgage on payment thereof, a decree providing for the payment of the entire mortgage debt by plaintiff, and that each of the other lot-owners shall pay to plaintiff their respective shares thereof, and, on default, directing the sale of his lot, is incorrect, and will be modified so as to require each owner to pay the amount properly chargeable against his lot, and, on default by any one, ordering his lot to be sold.

Appeal from special term, Kings county; E. M. CULLEN, Justice.

Action by Edward H. Coffin and Howard S. Jones against John S. Packard and others to have ascertained the respective proportions which each of several lots, covered by a blanket mortgage, one of which is owned by plaintiffs, shall pay towards the discharge of the mortgage debt, and to have the lien of the same released as to plaintiffs' lot on making payment of the sum with which it is properly chargeable. The facts found by the special term are, in substance, as follows: (1) One Lincoln, now deceased, owned 14 houses and lots on a plat of ground extending on Sixth avenue, from Thirteenth to Fourteenth streets, and back, 97.10½, and numbered on the avenue 1 to 12, and on the streets 13 and 14 respectively. (2) Upon each house and lot he made a separate mortgage, dated 28th December, 1884,—to the general synod, upon the 12 houses on Sixth avenue, and to the board of education upon the 2 on Thirteenth and Fourteenth streets. (3) The next day, 29th December, 1884, upon all the 14 houses, he made a first blanket mortgage to A. W. Parker, one of the defendants, payable on demand, for $14,000. Parker assigned it to Josiah S. Packard, also a defendant herein. (4) Upon all the 14 houses, he afterwards, February, 1885, made a second blanket mortgage of $6,000 to John Hart, also payable on demand, and this was assigned to Sophie G. Parker, wife of said Parker, another defendant. (5) Afterwards, April, 1885, he

made, upon all the 14 houses, a third blanket mortgage of $5,000 to said Asa W. Parker, also payable on demand. (6) Sophie G. Parker, assignee of John Hart, foreclosed the second blanket mortgage, ($6,000,) and at that sale, on the 11th day of March, 1886, the plaintiff in this action bought one house, No. 12; Mr. Pundt, defendant, bought one, No. 10; and Mrs. Maben bought one, No. 3, afterwards conveyed to defendant Brown; and Asa W. Parker bought eight others, Nos. 5, 6, 7, 8, 9, 11, 13, and 14. The amount due on said decree was paid without selling the other houses. (7) Asa W. Parker foreclosed the third blanket mortgage, and at the sale under the decree, June, 1886, he sold the three houses and lots not sold under his wife's former decree, Nos. 1, 2 and 4, and they were bought by her, Sophie G. Parker. (8) Meanwhile, Asa W. Parker, as owner of the third blanket mortgage, had redeemed from the first mortgages, and paid the amounts to the general synod and the board of education, and taken assignments of the mortgages, and of the 14 foreclosure suits then pending in name of Ralph G. Packard, a defendant herein, as his appointee. (9) Ralph G. Packard, his appointee, discontinued the suits against the two houses and lots 13 and 14, on Thirteenth and Fourteenth streets, and assigned the two first mortgages to one Mrs. Mary E. Sweezy, a client of Parker, and she immediately brought foreclosure, making the Packards, owners of the $14,000 notes, parties, and recorded judgment of foreclosure thereunder, and the houses were sold to one Daniel Doody. All this was done while the suit at bar was pending, and without notice to any of the other owners of the rest of the lots. The court at special term found that this was a scheme to release the two houses and lots 13 and 14 from the $14,000 mortgage, and to load the remaining 12 houses and lots with the whole amount of the mortgage, and decreed that Packard, assignee of Asa W. Parker, the owner of the $14,000 first blanket mortgage, must deduct from the mortgage the amount properly chargeable upon those two houses, and, in that view, estimated their value. It further found the respective value of each of the 14 houses and lots separately, the amount due upon the mortgage, and the amount equitably chargeable upon each house and lot. The judgment was that plaintiff (the owner of one of the lots) must within 30 days pay the full amount of the mortgage as found due, and that thereafter the owner of each of the other lots shall pay to plaintiff the amount found equitably chargeable upon his house, or, in default of payment, that his house and lot shall be sold to pay the same. Pundt and Brown, defendants, appeal, alleging error in the conclusions of law and in the form of the judgment; the defendants Parkers and Packards alleging error in the findings as to the facts.

W. S. Logan, for Coffin and Jones, plaintiffs. E. G. Nelson, for defendants Ralph G. and Josiah S. Packard. A. W. Parker, for defendants Asa W. and Sophie G. Parker. Bristow, Peet & Opdyke, (M. H. Topping, of counsel,) for defendants Pundt and Brown.

PRATT, J. The findings of fact are fully sustained by the evidence. Upon those facts the right of the plaintiff to relief is unquestionable. The equitable principle is that the burden which rests upon the whole property shall be apportioned among the various parcels in proportion to their value. The doctrine is ancient and well established, and is so familiar as not to require the citation of authorities, which are abundant. The right of the mortgagee is to have his money. The right of the various owners is that each may have his property discharged, upon paying his proportionate part of the burden, so far as may be, without endangering the mortgagee's complete security. The judgment below is in the main correct, but a slight modification should be made, which will more fully protect the rights of the appellants Pundt and Brown. The decree below puts upon the plaintiff the duty to pay the whole mortgage debt within 30 days. Suppose he fails to do that, where will the other owners be left? The judgment should be modified by directing

that each house be decreed to be liable for the amount found chargeable upon it; that each owner be at liberty to pay such amount to the referee; and that, in case any owner neglects so to pay, his house be sold. In other respects the judgment is affirmed.